STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0859

CAROLYN C. TREGRE

VERSUS

BRENDA S. FLETCHER, STATE FARM AUTOMOBILE
INSURANCE COMPANY, KENDALL L. MCGEE AND ALLSTATE
INSURANCE COMPANY

Judgment Rendered: __FEB 1 9 2021__

\* \* \* \* \*

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 2017-11350

Honorable Richard A. Swartz, Judge Presiding

\* \* \* \* \*

| | |
|---|---|
| Delbert G. Talley<br>Covington, LA | Attorney for Plaintiff-Appellee,<br>Keith Tregre, son of Carolyn C.<br>Tregre, deceased |
| Ryan G. Davis<br>Molly Manieri<br>Mandeville, LA | Attorneys for Defendant-Appellant,<br>Louisiana Farm Bureau Casualty<br>Insurance Company |
| Jude H. Trahant<br>Madisonville, LA | Attorney for Defendant-Appellee,<br>Allstate Insurance Company |

\* \* \* \* \*

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

Wolfe, J. concurs

**HESTER, J.**

In this case arising out of a three-car accident, plaintiff's uninsured/underinsured motorist (UM) carrier appealed the judgment of the trial court finding one defendant driver was the sole proximate cause of the accident thereby triggering UM coverage under plaintiff's automobile insurance policy. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On July 20, 2016, Carolyn Tregre was driving eastbound on C.M. Fagan Drive in Hammond, Louisiana, when she was involved in a three-car rear-end collision. At the time of the accident, Ms. Tregre was driving the lead vehicle, Kendall McGee was driving the middle vehicle, and Brenda Fletcher was driving the last vehicle. Ms. Tregre filed a petition for damages naming as defendants Mr. McGee and his insurance company, Allstate Insurance Company ("Allstate"); and Ms. Fletcher and her insurance company, State Farm Automobile Insurance Company ("State Farm"). While the suit was pending, Ms. Tregre passed away and Ms. Tregre's son, Keith Tregre, was substituted as plaintiff pursuant to La. Civil Code art. 2315.1.

On March 14, 2018, Mr. Tregre filed an amended petition adding Louisiana Farm Bureau Casualty Insurance Company ("Farm Bureau"), Ms. Tregre's UM carrier, as a defendant, alleging that Ms. Tregre's damages exceeded the cumulative insurance coverage of Mr. McGee and Ms. Fletcher. Prior to trial, Mr. Tregre settled with State Farm for the limits of Ms. Fletcher's policy. Thereafter, a judgment was signed dismissing Mr. Tregre's claims against Ms. Fletcher and State Farm.

On January 22, 2020, the matter came before the court for a bench trial. After taking the matter under advisement, the trial court issued written reasons for judgment finding Ms. Fletcher's negligence was the sole proximate cause of the accident. On May 14, 2020, the trial court signed a judgment in favor of Mr. Tregre and against Farm Bureau in the sum of twenty-one thousand five hundred ninety-

2

one dollars and sixteen cents ($21,591.16), subject to a credit for fifteen thousand dollars ($15,000.00) paid in settlement by State Farm, and dismissing all claims against Allstate and Mr. McGee. It is from this judgment that Farm Bureau appeals, raising as its sole assignment of error, the apportionment of fault by the trial court. Specifically, Farm Bureau contends that the trial court committed error in disregarding the testimony of a disinterested witness, the investigating officer, in favor of the testimony of the defendant driver.

## LAW AND ANALYSIS

When reviewing factual findings made by the trier of fact, including the allocation of fault, this court is required to apply the manifest error standard of review. See **Stobart v. State, Department of Transportation and Development,** 617 So.2d 880, 882 (La. 1993). Under the manifest error standard, which demands that great deference be given to the trial court's factual findings, the issue to be resolved on appeal is not whether the trial court was right or wrong, but whether its conclusions are reasonable. **Adams v. Rhodia, Inc.,** 2007-2110 (La. 5/21/08), 983 So.2d 798, 806. If the factual findings are reasonable in light of the record reviewed in its entirety, a reviewing court may not reverse even though convinced that, had it been sitting as the trier of fact, it would have weighed the evidence differently. **Adams,** 983 So.2d at 806 (citing **Stobart,** 617 So.2d at 882-83).

This is especially true when the trial court's factual findings are based on witness credibility, for only the fact finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. **Pinn v. Pennison,** 2016-0614 (La. App. 1st Cir. 12/22/16), 209 So.3d 844, 847. Thus, a factfinder's conclusions, based on its decision to credit the testimony of one of two or more witnesses, can virtually never be manifestly erroneous. **Adams,** 983 So.2d at 807. Where there are two permissible views of the

3

evidence, the factfinder's choice between them cannot be manifestly erroneous. **Jones v. Bravata,** 2018-0837 (La. App. 1st Cir. 5/9/19), 280 So.3d 226, 233.

Trooper Jesse Sanders,[1] who investigated the July 20, 2016 accident, testified at trial, and his "Uniform Motor Vehicle Crash Report" was introduced into evidence. His report[2] stated the following:

> Upon arrival officers made contact with the driver of vehicle number one who stated that her and the passenger of vehicle one were traveling eastbound on C.M. Fagan Drive. Vehicle number one was traveling behind vehicle number two when vehicle number two hit his brakes. Vehicle number one then struck the rear of vehicle number two.
>
> The driver of vehicle number two stated that he was traveling eastbound on C.M. Fagan Drive. Vehicle number two was traveling behind vehicle number three when the driver of vehicle number three hit her brakes. Vehicle number two then struck the rear of vehicle number three, and was also struck in the rear by vehicle number one.
>
> The driver of vehicle number three stated that she was traveling eastbound on C.M. Fagan Drive. Vehicle number three hit her brakes to slow down, and was then struck in the rear by vehicle number two, and was also moved forward slightly from vehicle number one hitting vehicle number two.

While Trooper Sanders testified that he had no recollection of investigating the accident, he said that protocol was to talk to all parties involved. Trooper Sanders was asked about statements made by Ms. Fletcher and Mr. McGee during their depositions saying that they never discussed the accident with the investigating officer. Trooper Sanders said, "I had to have discussed the accident with them." Trooper Sanders also stated, "every accident that I've ever responded to I've talked to every driver involved." Based on review of his report, Trooper Sanders concluded that the accident involved two impacts to Ms. Tregre's vehicle, the first caused by

---

[1] Trooper Sanders is now employed by Louisiana State Police. He was employed by the Hammond Police Department at the time of the accident.

[2] In Trooper Sanders' report, vehicle number one is Ms. Fletcher, vehicle number two is Mr. McGee, and vehicle number three is Ms. Tregre.

4

Mr. McGee's vehicle hitting the back of Ms. Tregre's vehicle and the second caused by Ms. Fletcher's vehicle hitting the back of Mr. McGee's vehicle.

Mr. Tregre, who was in the vehicle with his mother at the time of the accident, testified that there were two impacts, one directly after the other, and that the first impact was more severe. He said he immediately left the scene of the accident because he was not feeling well. He agreed that he was not there when the investigating police officer arrived and did not see the officer speaking with the other drivers. Mr. Tregre acknowledged that he did not see the accident happen because he was facing forward. He testified that he was not sure if Ms. Fletcher hit Mr. McGee first. Mr. Tregre said that he brought his mother to her deposition, and at that time, she was really sick, in hospice care, and "forgot some things." He acknowledged that Ms. Tregre's deposition was taken close to when she passed away.

Mr. McGee, the driver of the second vehicle involved in the accident, testified that "Ms. Fletcher, the vehicle behind me, hit my vehicle and caused me to hit Ms. Tregre's vehicle." Mr. McGee said he did not strike Ms. Tregre's vehicle prior to Ms. Fletcher striking his vehicle. Mr. McGee testified that the investigating police officer spoke to Ms. Tregre for at least five minutes, but he never asked him for a statement and never spoke to Ms. Fletcher. Mr. McGee said Ms. Fletcher apologized to him after the accident and told him that she was not paying attention and was talking to a person in her vehicle.

Ms. Tregre and Ms. Fletcher's depositions were offered into evidence during the trial. In her deposition, Ms. Tregre said that a man hit her in the back and then a car hit him causing him to hit her a second time. She said both impacts were hard, but the second impact was not as hard. Ms. Tregre's deposition testimony was inconsistent and incoherent at times. She said at one point that the crashes were five minutes apart and that she got out in between the two impacts and then testified that

the impacts were immediately after one another. She also testified that her son was not in the car at the time of the accident.

In Ms. Fletcher's deposition, she testified that at the time of the accident it was raining, the roads were wet, and the traffic was backed up. She said that her co-worker was in the vehicle and said something and she "looked at him; and when [she] looked back, they were stopped again. And [she] put on brakes, but that didn't help." She acknowledged that she made impact with the vehicle in front of her when she took her eyes off the road momentarily. When Ms. Fletcher was asked if the car in front of her had already hit the vehicle in front of him prior to her truck making impact, she replied, "I don't know." She said she gave the investigating police officer her license and insurance, but she did not think that he asked her what happened, nor did she tell him what happened. She said Ms. Tregre talked to the officer, but she did not see the officer speak with the other driver.

In written reasons for judgment, the trial court pointed out that as plaintiff, Mr. Tregre had the burden of proving that Mr. McGee and Ms. Fletcher were at fault in causing the accident. The trial court stated, "[t]he Court has reviewed Mrs. Tregre's statement and deposition and finds her testimony inconsistent and confusing, and further finds that Plaintiff failed to meet his burden of Proof that Mr. McGee was at fault."

Farm Bureau contends that the trial court erred in giving more credibility to the testimony of Mr. McGee, a defendant, than Trooper Sanders, the investigating officer. In favor of its position, Farm Bureau cites **Winfield v. Porter**, 618 So.2d 890, 893 (La. App. 4th Cir. 1993), which provides that the testimony of a disinterested witness, if credible, should be given greater weight by the trial court than that of an interested witness. In **Winfield**, the disinterested witness was an independent eyewitness of the accident. See **Winfield**, 618 So.2d at 891-92. Unlike in **Winfield**, Trooper Sanders was not an eyewitness to the accident. His report and

6

testimony during trial revealed that his determination of how the accident occurred was based primarily on the description of the accident given to him by Ms. Tregre and conversations he testified he must have had with Ms. Fletcher and Mr. McGee because of protocol and how he always investigates traffic accidents. Ms. Fletcher and Mr. McGee did not recall Trooper Sanders asking them about how the accident happened. During trial, Trooper Sanders did not discuss any additional investigation into the cause of the accident such as examining skid marks or evaluating the damage to the vehicles.

While it is true that testimony of an apparently disinterested witness, if credible, is entitled to great weight, this must be balanced against the trial court's essential function of evaluating the credibility of witnesses. The trial court had the opportunity to see and hear the witnesses in this matter and was in the best position to determine credibility of the witnesses. As noted, a trial court's conclusions, based on its decision to credit the testimony of one of two or more witnesses, can virtually never be manifestly erroneous, and where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. In this case, there are clearly two permissible views of the evidence. Either Ms. Fletcher's vehicle rear-ended Mr. McGee's vehicle causing Mr. McGee to rear-end Ms. Tregre's vehicle or Mr. McGee's vehicle rear-ended Ms. Tregre's vehicle before he was rear-ended by Ms. Fletcher. Considering the report and testimony of Officer Sanders and the weight that both should be given as well as the testimony of the remaining witnesses, we cannot conclude that the trial court's decision between two permissible views of the evidence, finding Ms. Fletcher was the sole proximate cause of the accident, is manifestly erroneous. Therefore, we affirm the decision of the trial court.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the appeal are assessed to appellant, Louisiana Farm Bureau Casualty Insurance Company.

**AFFIRMED**.